UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

S.G. FARMS, et al.,

        Plaintiffs,

    v.

SAN JOAQUIN COUNTY BOARD OF SUPERVISORS, et al.,

        Defendants.

No. 2:19-cv-01075-KJM-EFB

ORDER

On June 12, 2019, plaintiffs initiated this action by filing a complaint and a motion for temporary restraining order ("TRO"), ECF Nos. 1, 3. The same day, S.G. Farms filed a notice of related case in this court's case, *Free Spirit Organics, NAC, et al. v. San Joaquin County Board of Supervisors, et al.*, case number 2:17-cv-02271-KJM-EFB. The court related the two cases on June 13, ECF No. 9, this case was reassigned to the undersigned, and the court now resolves plaintiffs' motion for a temporary restraining order. For the reasons explained below, the request for a TRO is DENIED.

I.     LEGAL STANDARD

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the

1

status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions "substantially identical").

II. <u>DISCUSSION</u>

Plaintiffs request a temporary restraining order and preliminary injunction to prohibit enforcement of a San Joaquin County ordinance declaring a temporary moratorium on the cultivation of industrial hemp.[1] Mot., ECF No. 3-1, at 3. Defendants oppose the request. Opp'n, ECF No. 15.

Assuming without deciding, subject to possible further briefing, that the court has jurisdiction, plaintiffs do not meet their burden of showing they are likely to suffer irreparable harm in the absence of a temporary restraining order. Plaintiffs claim they will suffer irreparable harm if a TRO is not issued before June 15, just three days after their motion for a TRO was filed. Mot. at 7. However, plaintiffs do not provide details or evidence supporting the need for relief before this date, which occurs before the court can hold a hearing on the motion. Plaintiffs' only evidence supporting the June 15 deadline is contained in the declaration of George Bianchini, proprietor of S.G. Farms. *See* Bianchini Decl., ECF No. 3-2. Mr. Bianchini states, "This grow is vital for S.G. Farms' research because I have created seedlings which must be in the ground by June 15, 2019 . . . ." Bianchini Decl., ECF No. 3-2, ¶ 27. S.G. Farms' research plan, attached to the declaration, also states: "Our crop needs to be planted no later than June 15th as it is a

---

[1] Plaintiffs reference both Ordinance No. 4497 and Ordinance No. 4528, both of which relate to the cultivation of industrial hemp. Though plaintiffs state this motion is for a TRO to prevent enforcement of Ordinance No. 4497, the court assumes this was in error, as the remainder of the motion only references Ordinance No. 4528. *See* Mot. at 2–3.

2

seasonal crop. Harvest time is approximately the end of October." *Id.* at 14. Neither source provides the court with an explanation of why plaintiffs will suffer immediate, irreparable harm if the seedlings are not planted by June 15 rather than the following week, after the court is able to hold a hearing on the motion. *See VBS Distribution, Inc. v. Nutrivita Labs., Inc.*, No. SACV1601553CJCDFMX, 2017 WL 2404919, at *5 (C.D. Cal. Jan. 19, 2017) (insufficient showing of irreparable harm where plaintiff "offered only the self-serving declaration of its CEO," because "[t]hese types of 'unsupported and conclusory statement[s]' are purely speculative, and therefore are insufficient to demonstrate irreparable harm." (citation omitted)), *rev'd on other grounds,* 697 F. App'x 543 (9th Cir. 2017); *see also Ferry-Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589, 591 n.3 (8th Cir. 1984) (affirming district court's finding of likelihood of irreparable harm based in part on plaintiff's showing "the immediate need for this relief" through evidence of packaging and processing time required for plaintiff to make deliveries by the start of the growing season); *Hollywood v. Pub. Storage, Inc*, No. EDCV181822JGBGJS, 2018 WL 6003557, at *2 (C.D. Cal. Oct. 4, 2018) (denying motion for ex parte TRO due to lack of evidence showing "temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief" (citation omitted)); *Gibson v. Fleming*, No. 1:13-CV-00176-AWI, 2013 WL 552133, at *4 (E.D. Cal. Feb. 13, 2013) (denying motion for ex parte TRO due to lack of evidence that irreparable harm would occur before defendant could be heard in opposition where plaintiff's primary evidence was "self-serving declaration"). A day after filing their motion, plaintiffs filed a supplemental declaration of Michael Moskowitz, M.D., M.P.H., cofounder of plaintiff Medical Cannabis Research Consortium of Marin, providing further detail regarding the organization's hemp research. ECF No. 13. However, the declaration did not provide any further explanation or evidence relevant to plaintiffs' purported June 15 deadline. *See id.*

Moreover, as defendants argue in their opposition, plaintiffs' delay in filing their motion suggests a lack of urgency. *See* Opp'n, ECF No. 15, at 4. The ordinance plaintiffs challenge, Ordinance 4528, was passed by the San Joaquin County Board of Supervisors on March 26, 2019 and went into effect immediately. Mot. at 3; Compl., ECF No. 1, at 44. The

California regulations that form the basis of plaintiffs' preemption claim were passed on April 25, 2019. Mot. at 3. Yet, plaintiffs did not file the instant motion until June 12, 2019, just three days before the date they claim they must plant their seedlings or otherwise forego planting for the season. Plaintiffs' only explanation is that the California regulations went into effect June 10, 2019. *See* Mot. at 6. However, plaintiffs raise several other bases for their TRO that are independent of the California regulations which, assuming plaintiffs' claims are meritorious, could have supported a motion for a TRO as early as March 26, 2019. *See* Mot. at 4 ("The Second Offending Ordinance Was Enacted Without Due Process"; *id.* at 5 ("The Second Offending Ordinance Violates CEQA"). Though not dispositive, plaintiffs' delay in bringing this motion until the eleventh hour counsels against finding irreparable harm is likely without the urgent relief requested. *See Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.") (citations omitted).

While defendants raise serious questions about the court's jurisdiction, the court is not granting the TRO at this juncture. *See* Opp'n at 4–5. It therefore reserves a decision regarding the exercise of jurisdiction until a later date as needed.

Because plaintiffs have not met their burden of showing likelihood of irreparable harm before the court can hold a hearing on the matter, the court need not reach the remaining factors guiding the issuance of a TRO. The motion for a temporary restraining order is DENIED without prejudice to plaintiffs' bringing a motion for a preliminary injunction if such a motion does not become moot in the interim. If plaintiffs do bring such a motion, they must brief the jurisdictional questions raised by the defendants' filing.

IT IS SO ORDERED.

DATED: June 14, 2019.

_____
UNITED STATES DISTRICT JUDGE